UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-CV-00120

| STEPHANIE A. LINARES, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Memorandum in Support (Doc. No. 12), both filed on December 1, 2014; and Defendant Commissioner's Motion for Summary Judgment (Doc. No. 15) and Memorandum of Law in Support (Doc. No. 16), both filed February 6, 2015. As ordered by the Court, the parties also filed supplemental briefs that addressed the recent Fourth Circuit decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Plaintiff filed Plaintiff's Supplemental Memorandum on April 30, 2015 (Doc. No. 19) and Defendant filed Defendant's Reply to Plaintiff's Supplemental Memorandum on May 12, 2015 (Doc. No. 20). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision which found her not disabled under the Social Security Act (the "Act").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and the Commissioner's decision is VACATED.

1

## I. BACKGROUND

On January 31, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits with an alleged disability onset date of August 9, 2009. (Tr. 14, 146-49). Her claim was initially denied on July 8, 2011 and was denied again upon reconsideration on September 12, 2011. (Tr. 14).

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on October 5, 2011 (Tr. 14), and that hearing, at which Plaintiff was represented by counsel, was held in Charlotte, North Carolina on January 30, 2013 before ALJ Wendell M. Sims. (Tr. 13-14). On February 21, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act (Tr. 14-25). On May 28, 2014, Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, rendering the ALJ's decision the Commissioner's final decision in this case. (Tr. 1-4).

Pursuant to 42 U.S.C. § 405(g), Plaintiff has a right to review of the Commissioner's final decision, and she timely filed the present action on July 15, 2014. (Doc. No. 1). The parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. DISCUSSION

### A. Standard of Review

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); see also Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion"; "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). District courts do not review a final decision of the Secretary de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Craig, 76 F.3d at 589. The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between her alleged onset date of August 9, 2009 and the date of the ALJ's decision.[1] Plaintiff has the burden of proving she was disabled within the meaning of the Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration ("SSA") uses a five step sequential evaluation process,

---

[1] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

pursuant to 20 C.F.R. § 404.1520, for determining disability claims. If a claimant is found to be disabled or not disabled at any step, the inquiry ends and the adjudicator does not proceed further in the process. Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe and meets the twelve month durational requirement set forth in 20 C.F.R. § 404.1509; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and, if unable to perform the requirements of past relevant work, (5) whether the claimant is able to adjust to other work, considering her RFC and vocational factors (age, education, and work experience). If the claimant is able to adjust to other work, considering her RFC and vocational factors, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i-v).

The claimant bears the burden of production and proof during the first four steps of the inquiry. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). If she is able to carry this burden through the fourth step, the burden shifts to the Commissioner in the fifth step to show that other work is available in the national economy which the claimant could perform. Id.

In the instant case, the ALJ determined at step one that Plaintiff has not been engaged in substantial gainful activity since her alleged onset date of August 9, 2009 through her date last insured of December 31, 2012. (Tr. 16). At step two, he determined that Plaintiff had the severe impairments of chronic low back pain; degenerative disc disease; status post fusion and facet rhizotomy, spinal stenosis and depression. Id. The ALJ found, at step three, that Plaintiff did not

4

meet any of the listings. Id. At step four, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except she requires a sit/stand option where she sits for thirty minutes and stands as needed for up to ten minutes. (Tr. 18). The ALJ found that Plaintiff was able to perform simple, routine, and repetitive tasks in a stable work environment at a nonproduction pace with only occasional public contact. (Tr. 18). He also found that she was no longer capable of performing her past relevant work. (Tr. 23). At step five, the ALJ, based on testimony of the vocational expert ("VE"), concluded that, "considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed" such as laundry folder, photo machine copy operator, and companion. (Tr. 23-24).

On appeal to this Court, Plaintiff presents the following assignments of error: (1) the ALJ erred by failing to include all of Plaintiff's impairments in the hypothetical question posed to the VE; (2) Plaintiff's moderate limitations on concentration, persistence, and pace were not adequately accounted for in her RFC; (3) the ALJ failed to conduct a proper function-by-function analysis; and (4) the ALJ failed to conduct a proper credibility evaluation of Plaintiff's alleged limitations. (Doc. No. 11, 19).

Turning to the arguments in this case, the Court has reviewed the pleadings and briefs and addresses Plaintiff's assignments of error below.

### A. Nonexertional Limitations

With regard to her nonexertional limitations, Plaintiff argues that (1) the ALJ failed to conduct a proper function-by-function analysis and that (2) his RFC evaluation was insufficient to account for her moderate limitations in concentration, persistence, or pace. The Court finds that

5

the ALJ conducted a proper function-by-function analysis of Plaintiff's nonexertional limitations and his limiting her to "simple, repetitive, routine tasks in a stable work environment at a nonproduction pace with only occasional public contact" was sufficient to account for her moderate limitations in concentration, persistence, or pace. (Tr. 18).

SSR 96-9p requires that a claimant's nonexertional capacity be expressed in terms of work-related functions. SSR 96-9p, 1996 WL 374184, at *6. Work-related mental activities generally required by competitive, remunerative work include the abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. Id. "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Id.

In the instant case, the ALJ considered the findings of Dr. Richard Cyr-McMillon, the State agency psychological consultant, who found that Plaintiff did not have understanding and memory limitations, and her ability to carry out short and simple instructions was not significantly limited, but her ability to carry out detailed instructions was moderately limited. (Tr. 17, 85). The ALJ considered, and expressly agreed with, the findings of Dr. Richard Cyr-McMillon which assessed Plaintiff's understanding and memory limitation; her ability to carry out instructions; her ability to make work-related decisions; her ability to respond appropriately to supervisors; her ability to get along with coworkers; and her ability to respond appropriately to changes in the work setting. (Tr. 85-87). In making his RFC determination, the ALJ concurred with Dr. Richard Cyr-McMillon's findings. (Tr. 23). Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with

SSR 96-8p. See Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010) ("[T]he ALJ will have complied with the requirements of Social Security Ruling 96-8p if he bases his RFC on the state examiner's function-by-function analysis of Plaintiff's exertional limitations…"); See also, Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004).

Next, Plaintiff argues that the ALJ's RFC did not adequately account for her moderate limitations in concentration, persistence, or pace in his RFC finding. (Doc. No. 12). She asserts that limiting her to simple, unskilled work does not necessarily account for moderate limitations of concentration, persistence, or pace. (Doc. No. 12). However, as Defendant correctly points out and Plaintiff later recognizes, the ALJ did not merely limit Plaintiff to simple, repetitive, routine work; his RFC finding restricted her to "simple, repetitive, routine tasks in a *stable work environment* at a *nonproduction pace* with *only occasional public contact*." (Tr. 18) (emphasis added).

In Mascio v. Colvin, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d 632, 638 (4th Cir. 2015). The court distinguished the "ability to perform simple tasks from the ability to say on task," and explained that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. The Fourth Circuit remanded the case because it found that moderate limitations in concentration, persistence, and pace are not adequately accounted for in the RFC by only limiting the claimant to "simple, routine tasks or unskilled work." Id.

The instant case is distinguishable from Mascio because, here, the ALJ did more than limit

7

Plaintiff to simple, routine tasks or unskilled work; the ALJ limited her to "simple, repetitive, routine tasks in a stable work environment at a nonproduction pace with only occasional public contact." (Tr. 18, 23). Accordingly, the ALJ's finding specifically addressed Plaintiff's ability to stay on task as required by Mascio. The ALJ accounted for Plaintiff's limitation in pace by restricting her to "nonproduction pace," and he accounted for her limitation in concentration and persistence by restricting her to a stable work environment with only occasional public contact. (Tr. 18). Therefore, the ALJ's nonexertional RFC finding sufficiently accounted for Plaintiff's moderate limitations in concentration, persistence and pace and is not grounds for remand. See, e.g., Seamon v. Astrue, 364 F. App'x 243, 248, 2010 WL 323515, at *4 (7th Cir. 2010) (holding that the ALJ "captured [the claimant's] moderate limitation in concentration, persistence, and pace when he included a restriction of 'no high production goals'"); Robinson v. Comm'r of Soc. Sec., No. 13-cv-13124, 2014 WL 4145339, at *10 (E.D. Mich. Aug. 20, 2014) (finding that the ALJ accounted for plaintiff's moderate difficulties with concentration, persistence, or pace by limiting plaintiff's RFC to "simple, routine, and repetitive tasks and free of fast-paced production requirements"); Schooley v. Astrue, No. 1:09 CV 2748, 2010 WL 5283293, at *2 (N.D. Ohio Dec. 17, 2010) (a hypothetical limiting plaintiff to work not involving "high productions quotas or piece work" was consistent with a moderate limitation in concentration, persistence, or pace).

### B. ALJ's Credibility Assessment of Plaintiff

Plaintiff also argues that the ALJ's evaluation of her credibility was inadequate in his assessment that "[her] statements concerning intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 19). Plaintiff asserts that the ALJ failed to explain his reasoning for this finding and that this failure constitutes

8

harmful error. (Doc. No. 19). Upon review of the record, the Court finds that the ALJ's determination of Plaintiff's credibility was supported by sufficient explanation according to the evidence of record.

The regulations lay out a two-step process in considering a claimant's statements and symptoms regarding the limitations caused by her impairments. See C.F.R. §§ 404.1529, 416.929; Craig, 76 F.3d at 593-96. First, the ALJ must determine that there is objective medical evidence showing the existence of a medical impairment which would reasonably be expected to produce the pain or alleged symptoms. 20 C.F.R. §§ 416.929(b), 404.1529(b). If the ALJ finds such, he must then evaluate the intensity and persistence of the claimant's pain in order to determine whether or not the alleged symptomatic limitations will factor into the RFC. See 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1); Craig, 76 F.3d at 595 ("It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her work, must be evaluated.") (emphasis in original).

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). "The record should include a discussion of which evidence the ALJ found credible and why" because "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Id. (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)). Further developing this standard, the Fourth Circuit held that the ALJ's failure to evaluate a claimant's credibility *before* analyzing the RFC is harmful error and requires remand. Mascio v.

9

Colvin, 780 F.3d 632, 639-40 (4th Cir. 2015).

Turing to the instant case, the ALJ found, at the first step in the above process, that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 19). The only inquiry that remains, then, is whether the ALJ conducted a proper credibility evaluation and had sufficient basis for discrediting Plaintiff's statements concerning intensity, persistence, and limiting effects of her alleged symptoms. The Court finds that the ALJ did conduct a proper credibility evaluation, and substantial evidence supports his decision to discredit Plaintiff's symptomatic allegations.

First, it is important to note that the Court finds that the language used by the ALJ stating that Plaintiff's "statements concerning the intensity, persistence and limiting effects are not entirely credible for the reasons explained in the decision" is distinguishable from the now suspect boilerplate language used in Mascio. (Tr. 19). This language is not, as Plaintiff asserts, "meaningless boilerplate" like we saw in Mascio because, in this case, the ALJ's language does not suggest that he first assessed Plaintiff's RFC and used that assessment to determine credibility. See Mascio, 780 F. 3d at 639. Here, the ALJ evaluated Plaintiff's credibility then used that finding in order to assess Plaintiff's RFC which is the correct practice under the Fourth Circuit's holding in Mascio. Id.

Plaintiff also argues that, in addition to the above argument regarding the language used, the ALJ nonetheless failed to conduct an adequate credibility evaluation. (Doc. No. 19). As stated above, the Court finds that the ALJ conducted a proper credibility evaluation which was supported by substantial evidence in the record.

In evaluating a claimant's allegations, the Commissioner investigates all relevant factors

which relate to the subjective complaints, including the nature of a claimant's daily activities; prior work record; the presence or absence of functional restrictions; consistency between allegations and the medical and non-medical evidence of record; the use of assistive devices; the dosage, effectiveness, and side effects of medication; and the subjective measures of credibility that are within the judgment of the ALJ. 20 C.F.R. § 404.1529; SSR 96-7p. The Commissioner considers any conflicts between a claimant's statements and the rest of the record, and a subjective complaint "need not be accepted to the extent that [it is] inconsistent with the available evidence, including objective evidence of the underlying impairment." Craig, 76 F. 3d at 595 (citing 20 C.F.R. § 404.1529(c)(4)).

The ALJ properly considered all of the evidence of record in determining the effect of Plaintiff's alleged symptoms on her ability to work. After providing a discussion of the evidence, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Tr. 19). The ALJ considered Plaintiff's personal testimony, her daily activities, medical source statements, and treatment records in making his determination. (Tr. 17-23). He gave a detailed summary of Plaintiff's testimony (Tr. 18-19); analyzed Plaintiff's daily activities (Tr. 17, 19, 21-22); discussed Plaintiff's symptoms and treatment notes thereto appertaining (Tr. 17, 19-23); discussed opinion evidence (Tr. 17, 22-23); noted physicians' observations relating to Plaintiff's veracity (Tr. 20-21); considered his own observations that Plaintiff was mentally sharp, exhibited normal memory at the hearing, and had no problems attending the proceedings (Tr. 17); noted inconsistencies between Plaintiff's allegations and the objective medical evidence of record, especially her claims of weakness (Tr. 21); and considered Plaintiff's inconsistencies in her report of panic attacks (Tr. 23).

11

As stated above, it is not the job of this Court to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. See Craig, 76 F. 3d at 589. Accordingly, the Court finds that ALJ properly analyzed the record in making his credibility determination, and substantial evidence supports his conclusion.

### C. Function-by-function Analysis of Plaintiff's Physical Limitations

Plaintiff argues that, in light of Mascio, the ALJ failed to conduct a proper function-by-function analysis of Plaintiff's RFC. (Doc. No. 19). The Court finds that the ALJ did not conduct a sufficient function-by-function analysis of Plaintiff's RFC and remand is necessary for a complete explanation of the ALJ's reasoning in determining Plaintiff's RFC.

The ALJ is solely responsible for determining the residual functional capacity of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Completing this assessment requires that the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. *See* S.S.R. 96-8p. "Only after that may [RFC] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

The Fourth Circuit has held that "remand may be appropriate. . .where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F. 3d at 636. In Mascio, the court explained that the record contained two RFC assessments by state agency examiners, (Exhibits 12F and 20F) and that these assessments conflicted with each

other.  Id. at 637.  Exhibit 12F stated that Mascio could lift fifty pounds, but Exhibit 20F limited her to 20 pounds.  Id.  However, the ALJ seemed to adopt an RFC that was more consistent with Exhibit 20F, but he did not actually note or mention the exhibit.  Id.  Accordingly, the court held that it was left "to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions" and, therefore, remand was necessary.  Id.

In the instant case, like Mascio, the administrative record contains two RFC assessments by State agency disability examiners.  Exhibit 1A was an RFC assessment conducted by Dr. Bertron Haywood (Tr. 65), and Exhibit 3A was an RFC assessment conducted by Dr. Margaret Parrish (Tr. 76).  Exhibit 1A opines that Plaintiff can lift twenty pounds occasionally and ten pounds frequently, stand/walk about six hours in an eight-hour workday, sit about six hours in an eight-hour workday, unlimited in climbing ramps/stairs, can never climb ladders/ropes/scaffolds, can occasionally balance, occasionally stoop, frequently kneel, frequently crouch, and frequently crawl.  (Tr. 72).  However, Exhibit 3A limits plaintiff to lifting twenty pounds occasionally and ten pounds frequently, stand/walk about six hours in an eight-hour workday, sit about six hours in an eight-hour workday, unlimited in climbing ramps/stairs, occasionally climb ladders/ropes/scaffolds, frequently balance, occasionally stoop, occasionally kneel, occasionally crouch, and occasionally crawl.  (Tr. 83-84).  As Plaintiff correctly points out, the ALJ does not discuss either of these assessments in his decision.  (Tr. 11-25).  The RFC finding that was actually adopted by the ALJ in this case states as follows:

> Plaintiff is able to lift and carry twenty pounds occasionally and fifteen pounds frequently.  She is able to stand/walk for two hours and sit for six hours in an eight-hour workday.  [Plaintiff] should never balance, crawl, or climb ladders, ropes, or scaffolds.  [Plaintiff] can occasionally climb ropes/stairs, stoop, kneel, and crouch.  [Plaintiff] should avoid concentrated exposure to extreme

13

> cold and heat, vibration, and workplace hazards such as moving machinery and unprotected heights. (Tr. 23).

It is clear from the two State agency assessments, and the RFC adopted by the ALJ, that the three evaluations of Plaintiff's capacity are clearly in conflict with each other. Defendant is correct in pointing out that the ALJ's RFC finding must be supported by substantial evidence; however, Defendant seems to assert that if the RFC is supported by substantial evidence somewhere in the record then the ALJ is not required to explain his findings. (Doc. No. 20). But, Mascio explicitly requires that the ALJ "assess a claimant's capacity to perform relevant functions," and a failure to do so requires remand. Mascio, 780 F.3d at 636. Here, the ALJ did not explain what portions, if any, of the State agency assessments he credited in his RFC. And if he did not credit either of the State agency assessments, he failed to explain where his findings came from. For example, both State agency assessments found that Plaintiff has the capacity to lift and carry twenty pounds occasionally and ten pounds frequently. (Tr. 72, 83-84). The ALJ went on to find that Plaintiff retained the ability to lift and carry twenty pounds occasionally and *fifteen* pounds frequently. (Tr. 23) (emphasis added). However, he does not explain where this ability to lift and carry *fifteen* pounds frequently comes from. (Tr. 11-25). Further, neither of the state agency assessments opined that Plaintiff is able to stand/walk for two hours and sit for six hours in an eight-hour workday; that she should never balance, crawl, or climb ladders, ropes, or scaffolds; that she can occasionally climb ramps/stairs, stoop, kneel, and crouch; or that she should avoid concentrated exposure to extreme cold and heat, vibration, and workplace hazards such as moving machinery and unprotected heights. However, all of these functions were included in the ALJ's final RFC assessment without any explanation as to how he resolved the conflicting evidence of record or where these conclusions come from.

Just like the Fourth Circuit in <u>Mascio</u>, this Court is "left to guess about how the ALJ arrived at his conclusions." <u>Mascio</u>, 780 F. 3d at 637. In this case, "the ALJ [] determined what functions he believes [Plaintiff] can perform, but his opinion is sorely lacking in the analysis needed for [this Court] to review meaningfully those conclusions." <u>Id.</u> at 636-37. Therefore, remand is necessary for a function-by-function analysis by the ALJ and a full explanation as to how he arrived at his conclusions.

### IV. CONCLUSION

The Court recognizes that it did not address all assignments of error as set out by Plaintiff, namely whether the ALJ presented an appropriate hypothetical to the VE. Given that remand is necessary in this case on other grounds, the Court does not find it necessary to address that issue and advises the ALJ to review the hypothetical posed to the VE to confirm that it includes all of Plaintiff's limitations and impairments.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED, Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED, and the Commissioner's decision is VACATED. This matter is remanded to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.**

Signed: July 17, 2015

Graham C. Mullen
United States District Judge